UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| HENRY C. BOND | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:06-cv-213 |
| | ) | *Phillips* |
| HOWARD CARLTON, Warden | ) | |
| | ) | |
|     *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Judgment Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner Henry C. Bond ("Bond") challenges his 1988 convictions on numerous charges for forgery as well as receiving stolen property. The convictions were affirmed on direct appeal. *State v. Bond*, C.C.A. No. 1225, 1989 WL 125052 (Tenn. Crim. App. October 19, 1989), *perm. app. denied, id.* (Tenn. March 5, 1990).

Bond next filed a petition for post-conviction relief, which was dismissed by the trial court and the Tennessee Court of Criminal Appeals affirmed. *Bond v. State*, No. 03C01-9401-CR-00017, 1994 WL 398815 (Tenn. Crim. App. August 3, 1994), *perm. app. denied, id.* (Tenn. December 12, 1994). Bond filed the pending federal habeas corpus petition on May 19, 2006.[1]

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. §2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date the petitioner's appeals were final. Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a §2254 motion in his case expired April 24, 1997, which is one year from the effective date of the AEDPA. *See, e.g., Calderon v. United States*

---

[1] The petition was received by the Clerk's Office on May 24, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on May 19, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2

Case 3:06-cv-00213   Document 3   Filed 07/17/06   Page 2 of 3   PageID #: 2

*District Court for the Central District of California*, 128 F.3d 1283, 1287 (9th Cir. 1997); *Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir. 1996).

Bond filed his petition for the writ of habeas corpus almost ten years after the expiration of the statute of limitation and thus the petition is time-barred. Since it plainly appears from the face of the petition that Bond is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Bond leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                           s/ Thomas W. Phillips
                                                      United States District Judge